1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8

| | | |
|---|---|---|
| United States of America, | ) | CR 03-2441-TUC-DCB (GEE) |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Crystal Kristine Ezell, | ) | |
| Defendant. | ) | |

9
10
11
12
13
14

15
16
17
18
19

    The District Court referred this case to the Magistrate Judge for hearing on the petition to revoke the defendant's supervised release. A hearing was held on January 3, 2006. This report addresses the defendant's oral motion to dismiss the petition raised at that hearing and also the violations set forth in the petition.

20
21

**Petition:**

22
23

    The government petitions the court to revoke supervised release citing the following two violations:

24
25

    (A) The defendant violated standard condition #9 by using a controlled substance (a grade C violation -- § 7B1.1(a)(3)(B)). Specifically, she used cocaine on or about November 15, 2005, as evidenced by a positive urine test taken that day.

26
27
28

    (B) The defendant violated special condition # 1 by failing to "participate as instructed by the probation officer in a program of substance abuse treatment which may include testing

B. STORTS, G. BASHORE, D. ROETZEL AUSA, DCB, GEE

1    for substance abuse" (a grade C violation – § 7B1.1(a)(3)(B)).  Specifically, she failed to

2    submit to urine testing at TASC as directed.

3

4    **Motion to Dismiss:**

5        Citing *United States v. Ortuno-Higareda*, 421 F.3d 917 (9th Cir. 2005), the defendant

6    argues the petition should be dismissed because she was not given prior notice of the

7    supervised release condition that she is accused of violating.

8

9    **EVIDENCE:**

10    ***Erin Jesensky***

11        Jesensky is the United States Probation Officer assigned to supervise the defendant,

12    Ezell.  In April of 2004, Ezell was sentenced to a term of probation for possession of

13    marijuana with intent to distribute.  The court imposed the standard conditions of probation

14    and added six special conditions.  Her probation was revoked on April 27, 2005, and she was

15    sentenced to imprisonment for four months plus 43 days followed by a twenty-four month

16    term of supervised release.  The court again imposed the standard conditions of release plus

17    six special conditions.  Standard condition # 9 prohibits use of any controlled substances.

18    Standard condition # 17 reads as follows: "Unless suspended by the Court, you shall submit

19    to one substance abuse test within the first 15 days of supervision and at least two periodic

20    substance abuse tests thereafter, pursuant to 18 U.S.C. §§ 3563(a)(4) and 3583(d)."  Special

21    condition # 1 requires Ezell to "participate as instructed by the probation officer in a program

22    of substance abuse treatment which may include testing for substance abuse."

23        As her term of incarceration neared completion, Ezell was released to a halfway

24    house.  Eventually, her term of incarceration was completed, and Ezell began her term of

25    supervised release while still at the halfway house.  On June 10, 2005, Jesensky reviewed the

26    standard and special conditions of supervised release with Ezell and provided her with a copy

27

28

1    of them – Exhibits A and B, (attached hereto).[1]   On September 21, 2005, Ezell was released
2    from the halfway house.

3            Jesensky directed Ezell to appear for a urine drop on November 14, 2005.  On cross
4    examination, she conceded she did not give Ezell written notice of this instruction.  Neither
5    did she tell Ezell she could go back to jail if she failed to appear without a valid excuse.

6            Ezell did not appear at the appointed time and gave conflicting explanations to
7    Jesensky.  "At first, she stated that she had a doctor's appointment, and then a little bit later
8    there was another call stating that she left her I.D. at work, and so for those reasons she could
9    not make it."  Jesensky attempted to call Ezell on her cell phone, but she was unsuccessful
10   because Ezell's aunt had the phone.

11           The appointment was rescheduled for the following day, and Ezell appeared as
12   directed on November 15, 2005.  This sample was sent to Kroll Laboratories, and it tested
13   positive for cocaine.  Jesensky requested a more accurate confirmation test, but she has not
14   received the results of that test yet.

15           On December 1, 2005, Ezell submitted her November, 2005, monthly supervision
16   report.  On that report, she wrote the following message: "I would like to talk to you about
17   my drop, so call me.  I want us to be able to work something out,  I am ready to take
18   responsibility.  I would like to drop more often."

19           The court finds Jesensky to be a credible witness based on the content of her
20   testimony and her demeanor at the hearing.

21

22   **DISCUSSION: Motion to Dismiss**

23           The defendant argues she was not given notice of her conditions of release citing
24   *United States v. Ortuno-Higareda*, 421 F.3d 917 (9th Cir. 2005).  Specifically, she argues her
25   written notice of special condition #1 states her "program of substance abuse treatment"

26   _____

27           [1] Later in the transcript, Jesensky states Exhibit B was given to Ezell on June 20th not
     June 10th. (Transcript, p. 27.) This is probably a typographical error. The discrepancy need
28   not be resolved because it does not affect the resolution of the motion.

1    "*may* include testing for substance abuse."  She was not advised, however, that this "may"

2    became a "must" when she was released from the halfway house.  This warning was

3    particularly important, she maintains, because she had already complied with standard

4    condition #17 and submitted to "one test within the first 15 days of supervision and at least

5    two periodic substance abuse tests" prior to her release from the halfway house.  The court

6    does not agree.

7        Supervised release may not be revoked if the defendant was not given notice of the

8    condition she is charged with violating. *United States v. Ortuno-Higareda*, 421 F.3d 917, 922

9    (9th Cir. 2005).  Notice should be given in written form by the probation officer pursuant to

10   18 U.S.C. § 3603.  *Id.*  If written notice is not given, the defendant must be given "actual

11   notice of the conditions, the violations of which formed the basis for the revocation of [her]

12   supervised release."  *Id.*

13       In this case, Jesensky gave Ezell written notice of standard condition # 9 and special

14   condition # 1, the violations that the government alleges she committed.  There was no

15   omission.

16       Ezell argues special condition # 1 changed after she was discharged from the halfway

17   house when Jesensky directed her to appear for a urine drop on November 14, 2005.  This

18   change, she argues should have been explained to her in writing.  Further, she should have

19   been specifically warned that the "may" became a "must" and failure to appear could result

20   in revocation of supervised release.  The court is not persuaded by Ezell's parsing of special

21   condition # 1.

22       Special condition # 1 reads in pertinent part as follows: "You shall participate as

23   instructed by the probation officer in a program of substance abuse treatment which may

24   include testing for substance abuse."  This condition requires the defendant to "participate

25   as instructed . . .in a program of substance abuse treatment. . . ."  The phrase "which may

26   include testing for substance abuse" is a description of the program.  It is not a separate

27   condition that may or may not be binding on the defendant.  Participation in the program is

28

- 4 -

1   required.  If the program includes testing, the testing is also required.   Jesensky informed
2   Ezell that she must appear for a urine drop on November 14, 2005.  This was actual notice
3   that her "program of substance abuse treatment" did indeed "include testing for substance
4   abuse."  Ezell was given written notice of special condition #1 and actual notice of the
5   particulars of her substance abuse program.  *Ortuno-Higareda* does not compel dismissal of
6   the petition.  *Id.*; *See also United States v. Gallo*, 20 F.3d 7, 12 (1st Cir. 1994) ("[C]onditions
7   of probation can be written– and must be read– in a commonsense way.").

8         Jesensky concedes she did not warn Ezell that failing to comply with special condition
9   #1 could result in revocation of her supervised release and possible incarceration.
10  Nevertheless, Ezell knew firsthand that failing to comply with a condition of probation could
11  result in termination of her probation and incarceration.  Her conditions of supervised release
12  are identical to her conditions of probation.  She has the same supervising officer – Jesensky.
13  She does not advance any reason for believing the rules would be any different now that she
14  is on supervised release rather than probation.  She does not advance any reason for believing
15  a violation of special condition # 1 would be any less serious than a violation of any other
16  condition.  Moreover, her message to Jesensky indicates she is well aware that violating her
17  supervised release conditions is not without risk. The court concludes Ezell had adequate
18  notice of the possible consequences of failing to abide by her conditions of supervision.
19
20  **DISCUSSION: The Petition**

21        "The court may . . . revoke a term of supervised release, and require the defendant to
22  serve in prison all or part of the term of supervised release authorized by statute for the
23  offense that resulted in such term of supervised release without credit for time previously
24  served on post release supervision, if the court . . . finds by a preponderance of the evidence
25  that the defendant violated a condition of supervised release . . . ."  18 U.S.C.A. § 3583
26  (e)(3).

27
28

1    In this case, the court finds by a preponderance of the evidence that Ezell violated

2    standard condition #9 by using a controlled substance, specifically cocaine, on or about

3    November 15, 2005. The court bases its conclusion on the positive urine test taken that day

4    and on Ezell's admissions to Jesensky in her November, 2005, monthly supervision report.

5    The court notes that the confirmation drug test ordered by Jesensky has not yet been

6    completed possibly due to a backlog created by hurricane Katrina. In this case, however, a

7    confirmation test is not required by the statute, and the government's failure to produce one

8    does not affect the court's finding. Section 3583(d) states that a preliminary drug test "shall

9    be subject to confirmation only if the results are positive, the defendant is subject to possible

10   imprisonment for such failure, and either the defendant denies the accuracy of such test or

11   there is some other reason to question the results of the test." 18 U.S.C.A. § 3583 (d). In this

12   case, no evidence was submitted to question the results of the test. In fact, in her admission

13   to Jesensky in her monthly supervision report, Ezell implies that she knew she would fail the

14   urine test presumably because she had taken drugs recently.

15   Instead, Ezell argues the failure to present confirmation precludes the court from

16   finding a violation by a preponderance of the evidence. The court does not agree. In this

17   case, the preliminary drug results combined with Ezell's admissions to Jesensky, as discussed

18   above, constitute sufficient evidence for the court to conclude Ezell violated standard

19   condition # 9.

20   The court further finds Ezell violated special condition # 1 by failing to "participate

21   as instructed by the probation officer in a program of substance abuse treatment which may

22   include testing for substance abuse." Jesensky ordered Ezell to submit to urine testing at

23   TASC on November 14, 2005. She failed to appear as directed and failed to present a

24   credible excuse.

25   //

26   //

27   //

28

**RECOMMENDATION:**

In view of the foregoing it is recommended that, after its independent review of the record, the District Court **DENY** the motion to dismiss and **GRANT** the petition to revoke supervised release. This report and recommendation is being faxed to all counsel on this date. Pursuant to FED.R.CRIM.P. 59 (b)(2), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to review may be waived. *Id.* If objections are filed, they should be directed to the District Court.

The Clerk of the Court is directed to send a copy of this report and recommendation to all parties.

DATED this 18th day of January, 2006.


Glenda E. Edmonds
United States Magistrate Judge

EXHIBIT
1/31/06
Govt A
Q 03-02441

X FILED     ___ LODGED
___ RECEIVED   ___ COPY

AUG 0 3 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

In the matter of                                    )
                                                    )
STANDARD CONDITIONS OF                              )
PROBATION/SUPERVISED RELEASE                        )      GENERAL ORDER 04-11
                                                    )
**SUPERCEDES GENERAL ORDER 99-9**                   )
                                                    )
_____            )

    **IT IS HEREBY ORDERED** superseding GENERAL ORDER 99-9, that the Standard Conditions of Probation/Supervised Release as listed below be adopted for all probation/supervised release offenders sentenced in the District of Arizona, or who subsequently come under the supervision of the Court and/or probation officer.

## CONDITIONS OF SUPERVISION

It is the order of the Court that, pursuant to General Order 04-11, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions:

(1)    You shall not commit another federal, state, or local crime during the term of supervision.

(2)    You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.

(3)    You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

(4)    You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

(5)    You shall support your dependents and meet other family responsibilities.

(6)   You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

(7)   You shall notify the probation officer at least ten days prior to any change of residence or employment.

(8)   You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.

(9)   You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. Possession of controlled substances will result in mandatory revocation of your term of supervision.

(10)   You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.

(11)   You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

(12)   You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

(13)   You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or holiday) of being arrested or questioned by a law enforcement officer.

(14)   You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

(15)   As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.

(16)   If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by Court.

(17)   Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and at least two periodic substance abuse tests thereafter, pursuant to 18 U.S.C. §§ 3563(a)(4) and 3583(d).

(18)   If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.

1  (19)   You shall pay any monetary penalties as ordered by the Court. You will notify the probation
2          officer of any material change in your economic circumstances that might affect your ability
           to pay restitution, fines, or special assessments.

3
          **DATED** this ___*3*___ day of August, 2004.

4
5                                                            Stephen M. McNamee, Chief Judge
6
7
8          Crystal Ezell
9
10                            6/10/05
11         Eunc fesly   6-10-05
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

EXHIBIT
October 1/3/06
Govt B
CR 03-02441

FILED
RECEIVED

UNITED STATES OF AMERICA
v.
**CRYSTAL KRISTINE EZELL**

APR 2 7 2005

No.  CR-03-2441-02-TUC-DCB(GEE)

USM #95025-008

JUDGMENT AND COMMITMENT
FOLLOWING REVOCATION OF **PROBATION**

Tracy Friddle, AFPD
Attorney for Defendant

On April 14, 2004, the defendant, present with counsel, appeared for sentencing for violating Title 21, United States Code, Section 841(a)(1) and (b)(1)(D), Possession with Intent to Distribute Marijuana, as charged in Count 2 of the Indictment filed herein.

> The defendant was sentenced to probation for a period of 3 Years.

On February 7, 2005, the United States Attorney filed a petition to revoke the term of probation imposed.

On March 9, 2005, the defendant appeared with counsel and admitted to violating the conditions of probation as reflected in the petition to revoke filed in this matter.

**IT IS ORDERED** that the Order of Supervised Release imposed on the defendant is hereby REVOKED and the defendant is committed to the custody of the Bureau of Prisons for imprisonment for a period of **FOUR (4) MONTHS PLUS FORTY-THREE (43) DAYS.**

In addition, the defendant shall serve a **TWENTY-FOUR (24) MONTH** term of supervised release to commence upon the defendant's release from confinement and as provided by the law.  Within 72 hours of release from confinement, the defendant shall report in person to the U.S. Probation office in the district to which he is released.

In addition to the standard conditions of supervised release, the following special conditions are imposed:

1. You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse.  You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

2. You shall submit your person, property (including but not limited to computer, electronic devices, and storage media), residence, office, or vehicle to a search conducted by a probation officer, at a reasonable time and in a reasonable manner.

54.

3.  You shall participate in a mental health program at the discretion of and as directed by the probation officer which may include taking prescribed medication.  You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

4.  You shall reside and participate in a community corrections center for 180 days, unless discharged earlier by the probation officer.

5.  You shall abstain from all use of alcohol or alcoholic beverages.

6.  You shall cooperate in the collection of DNA as directed by the probation officer.

THE COURT FINDS that the defendant has been sentenced in accordance with the terms of the plea agreement and that she has waived her right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

IT IS FURTHER ORDERED the defendant shall receive credit for TIME SERVED.

The Court orders commitment to the custody of the Bureau of Prisons and recommends the defendant participate in the MINT program while incarcerated.

April 18, 2005
Date of Imposition of Sentence

April 21, 2005
Dated

David C. Bury
United States District Judge

DCB AUSA/Roetzel PO Friddle USM/2cc OB