**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, ) | |
| ) | CR-03-2441-TUC-DCB (GEE) |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Crystal Kristine Ezell, ) | |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |
| _____) | |

Pending before the Court is the Defendant Ezell's Objection to the January 18, 2006 Report and Recommendation submitted by Magistrate Judge Edmonds. This Court must perform a de novo review of the record, pursuant to 28 U.S.C. § 636(b). *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.), *cert.denied*, 540 U.S. 900 (2003).

**INTRODUCTION**

The government petitioned the Court to revoke Defendant's supervised release based on the following: (1) violation of standard condition #9 using a controlled substance, cocaine, on November 15, 2005 with a positive urine test; and, (2) violation of special condition #1, by failing to participate in a substance abuse treatment program which could include drug testing; Defendant failed to submit a urine test.

After a hearing, the Magistrate issued a Report and Recommendation (RR) on January 18, 2006.  On February 1, 2006, Defendant filed Objections.  On February 6, 2006, Plaintiff filed a Response.

**STANDARD OF REVIEW**

A district court's decision to revoke a term of supervised release is reviewed for an abuse of discretion. *United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003).

**DISCUSSION**

Defendant argues that the petition should be dismissed for failure to give proper prior notice of the supervised release conditions. *United States v. Ortuno-Higareda*, 421 F.3d 917 (9th Cir. 2005). Defendant objects to the Magistrate's finding of facts:  (1) "Defendant self-reported her inability to drop" on November 14 and complied with the probations officer's request to drop on November 15; (2) Defendant was not subject to a program of substance abuse treatment at the time of the violations - "requirement of drug testing independent of a drug treatment program was not reviewed with Defendant nor was a copy provided upon discharge from the halfway house". (Doc. No. 76.)  In addition Defendant objects based on 18 U.S.C. §3583(d) and *United States v. Martin*, 984 F.2d 308 (9th Cir. 1993).  The Court in *Martin* refused to hold that a urinalysis report is so inherently reliable that they may be introduced at a revocation hearing. Defendant argues that, as in *Martin*, the government did not produce a chain of custody or testing procedures. Defendant goes on to argue that she should not be found to have voluntarily possessed a controlled substance or refused to comply with a drug test.  In mitigation, Defendant has sought treatment on her own.

The government asks the Court to adopt the Report and Recommendation. (Doc. No. 77.)

The transcript of the hearing before the Magistrate Judge supports her recommendation to revoke supervised release.  The Magistrate found

that Defendant was properly notified of both standard condition #9 and special condition #1.

> Plaintiff argues special condition #1 changed after she was discharged from the halfway house when [Probation Office] Jesensky directed her to appear for a urine drop on November 14, 2005. This change, she argue should have been explained to her in writing. Further, she should have been specifically warned that the "may" became a "must" and failure to appear could result in revocation of supervised release. The Court is not persuaded by Defendant's parsing of special condition #1.

(RR at 4.) Special condition #1 reads: "You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse." The Magistrate goes on to reason that the two conditions need to be read together, not separately, i.e., participation in the program is required and, if the program includes testing, the testing is also required.

PO Jesensky informed Defendant that she had to appear for a urine drop on November 14, 2005. Consequently, Defendant received the written notice of special condition #1 and actual notice from Jesensky that a drug test was required. Defendant may not have been given specific warning at the time that failure to comply could result in revocation, but it is clear from her message to Jesensky that she was aware of the risk.

Clearly, Defendant violated standard condition #9 by testing positive for cocaine. No evidence was submitted to question the results. In addition, Defendant admitted to Jesensky that she had concerns about failing the test because of recent drug usage.

The conditions for supervised release were clear to Defendant and how she could violate those supervised release conditions was also clear to Defendant: both in writing and actual notice. *Ortuno-Higareda*, 421 F.3d at 922. Defendant previously violated her probation based on

1  cocaine use. (Doc. No. 50.) Prison was contemplated as a sentence for
2  the original violation and clearly addressed as a penalty for violation
3  of supervised release.

**CONCLUSION**

Accordingly, after conducting a de novo review of the record,

IT IS ORDERED that the Report and Recommendation (Doc. No. 73) is ADOPTED in its entirety. The Petition to Revoke Supervised Release is GRANTED. (Doc. No. 57.)

IT IS FURTHER ORDERED that the disposition hearing for Defendant is set for Monday, **March 20, 2006 at 10:15 a.m.**, in Judge Bury's courtroom.

DATED this 15th day of February, 2006.

David C. Bury
United States District Judge

- 4 -